IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ASHLEY RAE BOYD,** an individual,

        Plaintiff,

    v.

**ALLERGAN PLC,** a foreign corporation,
**ALLERGAN, INC.,** a foreign corporation,
**ALLERGAN USA, INC. F/K/A INAMED CORPORATION F/K/A MCGHAN MEDICAL CORPORATION,** a foreign corporation,

        Defendants.

Case No. 6:22-cv-01808-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Ashley Boyd alleges that Defendant Allergan USA, Inc. designed, produced, and sold breast implants that failed to meet the requirements for the device set forth by the Food and Drug Administration. As a result, she suffered injuries. Plaintiff brings state-law claims for negligence, negligence *per se*, and products liability. Because the claims are time-barred by the relevant statute of limitations set forth in Or. Rev. Stat. § 30.908, Defendant's Motion to Dismiss (ECF No. 19) is GRANTED.

## BACKGROUND

    Plaintiff received McGhan® Style 20 Silicone-Filled breast implants in 2006. Am. Compl. ¶ 27, ECF No. 17 ("FAC"). Defendant manufactured the implants. *Id.* ¶ 3. Plaintiff understood the

1 OPINION AND ORDER

implants to be "safe, life-long products." *Id.* ¶ 28. Defendant failed to warn Plaintiff that the implants were designed for women over 22 years old, contained "a significant risk of rupture," and contained toxic compounds. *Id.* ¶ 29.

After the rupture of one implant, both of Plaintiff's implants were surgically removed in October 2017. *Id.* ¶ 84. The rupture caused Plaintiff to "suffer[] debilitating side effects after the breast implants [were removed] and over the course of several years prior to" the surgery. *Id.* ¶ 30. Nearly three years later, in August 2020, a doctor informed Plaintiff of evidence suggesting a connection between her silicone breast implant rupture and her Lupus. *Id.* ¶¶ 71, 84. Plaintiff alleges injuries to include implant removal surgery, damage to her right eye, and the development of her autoimmune disease. *Id.* ¶ 82. Plaintiff filed her original complaint in August 2022, nearly five years after the surgery removing the implants. Notice of Removal Ex. A, 28, ECF No. 1-1. Defendant argues the claims are barred by the two-year statute of limitations. Def.'s Mot. to Dismiss 2, ECF No. 19.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept

as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A complaint is subject to dismissal if relief for the allegations is barred by an applicable statute of limitations. *Andersen v. Portland Saturday Mkt.*, No. 3:17-cv-01500-HZ, 2018 WL 2917357, at *4 (D. Or. June 11, 2018) (citing *Jones v Bock*, 549 U.S. 199, 215(2007)). To dismiss a claim based on timeliness, it must be proved beyond a doubt that no set of facts would make the claim timely. *Id.* at *2.

If a complaint is dismissed, the court must grant the plaintiff leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). A plaintiff's time-barred claim may be dismissed without leave to amend since any amendment would be futile. *Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.2d 1049, 1060 (9th Cir. 2008).

## DISCUSSION

Defendant argues that Plaintiff's claims are barred by the two-year statute of limitations. A plaintiff must commence an action connected to an injury from silicone breast implants within two years of discovery. Or. Rev. Stat. § 30.908. A plaintiff discovers an injury when they know or reasonably should know facts making them aware of a substantial possibility that a tort was committed against them by the defendant. *Gaston v. Parsons*, 864 P.2d 1319, 1323–24 (Or. 1994). A plaintiff does not need to know a specific legal theory of recovery or even the full extent of their injury for the statute of limitations clock to begin. *See Id.* at 1325 (statute of limitations runs when the plaintiff knows (or should know) facts demonstrating "a substantial possibility that he or she had suffered damage as a result of the tortious conduct."); *see also Dickson v. TriMet*, 412 P.3d 1188, 1192 (Or. Ct. App. 2018) (holding that a statute of limitations period is not tolled until the plaintiff is aware of the full extent of harm caused by a tortious act); *Raethke v. Oregon Health Scis. Univ.*, 837 P.2d 977, 979 (Or. Ct. App. 1992) (*en banc*) (finding the statute of limitations

3 OPINION AND ORDER

clock began when the injured party should have known a surgery was negligently performed, not when she later learned it rendered her "permanently infertile."). Additionally, the detection of additional or different injuries resulting from an original tortious act does not restart the statute of limitations clock. *Dunn v. City of Milwaukie*, 348 P.3d 301, 304-05 (Or. Ct. App. 2015). Several Oregon cases are instructive to the outcome here.

In *Dunn*, the plaintiff "heard a loud roar" and was shocked to see sewage flowing into her home from her toilet and shower. Plaintiff saw a city work crew outside cleaning the sewer lines, and one worker informed Plaintiff that the crew "used too much pressure." Plaintiff returned inside to find three to four inches of water in every room of the house. Plaintiff spent several hours cleaning up the mess, but never observed "any buckling, warping, or other signs of water damage to the floors or walls." Months later, Plaintiff discovered wastewater flowed in the vents and saturated the subflooring, causing the floors to buckle. Plaintiff argued the limitations period began not when she thought she initially cleaned up the mess, but when she first discovered the serious water damage months later. The court noted the limitations period ran once Plaintiff discovered the injury: i.e., when plaintiff discovered, or should have discovered, "the existence of three elements: (1) harm; (2) causation; and (3) tortious conduct." *Id.* In rejecting Plaintiff's argument, the court found the case "involves a single incident in which plaintiff suffered immediately identifiable harm; thus the fact that plaintiff did not know the full extent of the harm—*e.g.*, structural damage in addition to other harm from the flooding (including damage to personal property)—is not sufficient to save her claim from the running of the notice period." *Id.* at 306-07.

Similarly, "[t]he specific issue posed [in *Guiley v. Hammaker*,] is whether the statute of limitations for actions in tort for personal injury begins to run when the plaintiff knows he has been injured by the wrongful conduct of another, although he does not then know the full extent

4 OPINION AND ORDER

of the injury." 640 P.2d 664, 665 (Or. 1982). There, a newborn suffered "a small abrasion on the head . . . [with] no other apparent injuries" in a car crash. *Id.* Seven years later, after exhibiting learning problems in school, his parents discovered the child "sustained probable damage to an optic nerve, resulting in impaired acuity on the right eye." *Id.* In rejecting Plaintiff's argument that the statute did not begin until they discovered the optic nerve damage, the Court concluded:

> The discovery rule is a judicial thumb on the scales of justice, designed to ameliorate the potentially harsh consequences of a broad application of statutes of limitation. It is an equitable adjustment in, not an abrogation of, such statutes. We would be abrogating the policy of the statute of limitations if we were to hold that a plaintiff with notice of both an injury and its cause would be excused from bringing an action until he had determined the full extent of the consequences of the wrong done him."

*Id.* at 667.

As noted, Plaintiff filed her original complaint on August 24, 2022. Def.'s Notice of Removal Ex. A, 28. Plaintiff's claim is time-barred if she knew or reasonably should have known about her injuries and potential claims before August 24, 2020. Or. Rev. Stat. § 30.908. Plaintiff alleges she discovered the "nature and extent of her injury" on August 26, 2020, when a physician indicated a nonspecific autoimmune response could be related to Plaintiff's breast implant rupture. FAC ¶ 84. However, Plaintiff's Complaint also includes facts that confirm the discoverability of all her implant-related injuries and Defendant's potentially tortious acts no later than October 26, 2017. *Id*. ¶¶ 42, 74, 82.

Many of Plaintiff's alleged injuries are plainly time-barred on their face. As noted above, Plaintiff refers to side effects "several years prior to her having surgery" and a ruptured right implant that required surgical removal allegedly caused by Defendant's tortious conduct. *Id*. ¶ 30. Plaintiff specifically references these adverse events as injuries and claimed damages. *Id.* ¶¶ 74, 82. And Plaintiff knew Defendant provided the allegedly defective implants and allegedly failed to warn her of their risk. FAC Ex. 1, at 1. Plaintiff pleads facts that make it clear she knew the potentially

5 OPINION AND ORDER

tortious conduct of Defendant that allegedly caused these specific injuries—including the fact that Defendant "failed to adequately warn of the risks that the product was vulnerable to degradation, deterioration, ruptures, and leakage, as suffered by Plaintiff"—no later than the time of her October 2017 surgery to remove the implants. *Id.* ¶ 42. Plaintiff's claims based on these injuries are thus time-barred since she knew of these facts more than two years before she filed her Complaint in August 2022. Or. Rev. Stat. § 30.908.

Like the plaintiffs in *Dunn* and *Guiley*, Plaintiff argues that because she did not discover the specific injury of Lupus until August 26, 2020, that claim is not barred. *Id*. ¶ 84 ("Although the breast implants were removed on or about October 26, 2017, Plaintiff discovered the nature and extent of her injury on August 26, 2020, when she had an exam with her medical provider Dr. Keerti Jaini; where the Dr. indicated that there is evidence that suggests that illness from breast implants because of nonspecific autoimmune response."). However, the October 2017 implant removal surgery should have led to the discovery of the potential existence of such harm, causation, and tortious conduct by Defendant, including the conceivable development of Lupus. For example, Plaintiff alleges she tested positive for antinuclear antibodies ("ANA"), which may indicate the presence of autoimmune disease, at the time of her implant removal surgery, and tested negative for ANA after the surgery was complete. *Id.* A drastic change in ANA levels immediately after silicone implant removal surgery should have raised Plaintiff's suspicion of autoimmune disease-related injury from the rupture. Additionally, in 2006, the FDA published information regarding possible connections between ruptures of Defendant's breast implants and various health complications like connective tissue disorders and autoimmune disease.[1] Further, information

---

[1] Defendant made a request, unopposed by Plaintiff, that the Court take judicial notice of several FDA approved and published documents. Def.'s Req. for Judicial Notice, ECF No. 9 ("RJN"). These documents include the FDA's PMA letter for Defendant's breast implants, a patient pamphlet titled "Important Information for Women About Breast Augmentation with INAMED® Silicone-Filled Breast Implants," and instructions for doctors titled

regarding the concern of ruptured silicone breast implants causing autoimmune disease was publicly accessible years before Plaintiff's removal surgery in 2017. Graves Decl. Ex. 5 at 1, ECF No. 23. A timely investigation by Plaintiff in 2017 about possible adverse health outcomes of a ruptured silicone breast implant would have alerted her to a potential connection to autoimmune disease.

Even assuming, however, that a timely investigation at the time would not have uncovered a connection, Plaintiff's Lupus injury stems from the same implant rupture injury known to her in 2017. "A cause of action for personal injury accrues from the date the injury is, or should have been, discovered, not from the time the full extent of damages is ascertained. Discovery occurs when a plaintiff is or should be aware of (1) the injury, (2) the cause of the injury and (3) the identity of the tortfeasor." *Raethke*, 837 P.2d at 979 (internal citations omitted). The FAC confirms that Plaintiff "discovered" her implant-related injury no later than 2017. The development of additional harms (Lupus) from the same known injury (the rupture of a toxic breast implant) does not reset the statute of limitations clock. *Dunn*, 348 P.3d at 304-05; *Guiley*, 640 P.2d at 667. *Raethke*, *Dunn*, and *Guiley* are all on point and each case confirms Plaintiff's claims are time-barred. As previously noted, since Plaintiff did not file her Complaint until August 24, 2022, more than two years after the October 2017 surgery to remove Plaintiff's ruptured breast implants, her Lupus injury claim is also time-barred. Or. Rev. Stat. § 30.908; *see Gaston*, 864 P.2d at 1323-24.

/ / / /

/ / / /

---

"Directions for Use." *Id.* at 3. Generally, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201 so long as the facts are not subject to reasonable dispute, are incorporated into the complaint, and are from sources whose accuracy cannot be reasonably questioned. *Munson v. Wells Fargo Bank*, 2018 WL 6515131, at *2 (D. Or. Dec. 11, 2018) (listing cases). All of the exhibits attached to the RJN are properly subject to judicial notice.

7 OPINION AND ORDER

## **CONCLUSION**

Defendant's Motion to Dismiss, ECF No. 19, is GRANTED. Because Plaintiff's claims are time-barred, the claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 6th day of July, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge
